UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEIGH WICKS LANE,

      Plaintiff,

v.                                                   Case No: 2:18-cv-264-FtM-UAM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## OPINION AND ORDER

Plaintiff, Leigh Wicks Lane, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs*., 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff filed an application for a period of disability and DIB and an application for SSI on February 24, 2015. (Tr. 258, 265). In both applications, Plaintiff alleged a disability onset date of June 18, 2013. (Tr. 258, 265). Plaintiff's applications were denied initially on April 2, 2015, and upon reconsideration on July 17, 2015. (Tr. 170-72, 174-76, 180-84, 186-90). Plaintiff requested a hearing, and, on January 24, 2017, an administrative hearing was held before Administrative Law Judge David J. Begley ("the ALJ"). On April 28, 2017, the ALJ entered a decision finding Plaintiff not disabled. (Tr. 10-22). Plaintiff requested review of the hearing decision, and on February 26, 2018, the Appeals Council denied the request for review. (Tr. 1-6). The Commissioner's final decision is ripe for judicial review. *See* 42 U.S.C. § 405(g). Plaintiff initiated the instant action by Complaint (Doc. 1) on April 19, 2018.

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 18, 2013, the alleged onset date. (Tr. 12). At step two, the ALJ found that Plaintiff had the following severe impairments: obesity, bursitis, depression, and asthma. (Tr. 12). At step three, the ALJ found that Plaintiff did not have an impairment or

combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she cannot climb ladders, ropes, or scaffolds, and can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant is limited to frequent reaching, including overhead reaching. She should avoid concentrated exposure to extreme heat and cold, to humidity and wetness, and to irritants, such as fumes, odors, dusts, gases, and poorly ventilated areas. She should avoid hazardous machinery, unprotected heights, and open flames. In addition, the claimant is limited to simple, routine, repetitive tasks in a work environment free from fast-paced production requirements involving only simple work-related decisions free of any workplace changes.

(Tr. 16). At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as a bookkeeper. (Tr. 20).

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 20). Relying on the testimony of the vocational expert, the ALJ found that Plaintiff could perform such jobs as marking clerk, route clerk, and office helper. (Tr. 21). The ALJ concluded that Plaintiff had not been under a disability since June 18, 2013, the alleged onset date, through May 3, 2017, the date the decision was entered. (Tr. 22).

II. **Analysis**

Plaintiff raises a single issue on review: whether the ALJ erred by failing to account for all limitations associated with Plaintiff's severe impairment of obesity in the RFC. (Doc. 25 p. 5-11). Plaintiff argues that the ALJ erred by failing to account for all the effects of Plaintiff's obesity impairment, specifically her need for a bariatric chair when sitting. (Doc. 25 p. 6). Plaintiff notes

that the ALJ recognized and did not contest Plaintiff's testimony that she does not fit in a regular work chair, but that the ALJ failed to mention the need for a bariatric chair and failed to provide an explanation as to why the evidence establishing the need for a bariatric chair was rejected. (Doc. 25 p. 6). Plaintiff contends that the need for a bariatric chair constitutes an accommodation and, thus, the ALJ's step five finding is not supported by substantial evidence. (Doc. 25 p. 8-9). In response, Defendant argues that Plaintiff's arguments are without merit because she introduced no evidence from a medical or vocational source suggesting she requires a bariatric chair. (Doc. 25 p. 11-15).

At the administrative hearing, Plaintiff testified what prevents her from working is her weight, asthma and depression. (Tr. 39). She testified she weighs 272 pounds and is 4 feet 10 inches. (Tr. 38). She indicated that her weight makes everything worse, including her depression and asthma. (Tr. 59). She said she cannot sit back in chairs, as she was even leaning forward onto the table at the hearing. (Tr. 66). She testified that she is not comfortable and has trouble sitting in chairs. (Tr. 66). She indicated that she is incapable of sitting back against the back of a chair because she does not fit. (Tr. 67).

In his decision, the ALJ acknowledged Plaintiff's testimony noting that "the claimant testified she cannot fit in a regular office chair and has trouble bending." (Tr. 18). The ALJ did not include a limitation that Plaintiff cannot use regular office chairs and requires a bariatric chair. (Tr. 18).

After considering Plaintiff's arguments and the administrative record, the Court finds that the ALJ did not err by not including a limitation that Plaintiff required a bariatric chair. "As in all Social Security disability cases, Plaintiff bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding his impairments."

*Griffis v. Astrue*, 619 F. Supp. 2d 1215, 1218 (M.D. Fla. 2008) (citing *Bowen v. Yuckert,* 482 U.S. at 146 n. 5, 107 S.Ct. 2287 (1987); *Carnes v. Sullivan,* 936 F.2d 1215, 1218 (11th Cir.1991); *McSwain v. Bowen,* 814 F.2d 617, 619 (11th Cir.1987); 42 U.S.C. § 423(d)(5). As Defendant notes, Plaintiff cites to no evidence, medical or vocational, establishing that she requires a bariatric chair. The only evidence supporting Plaintiff's claim that she requires a bariatric chair is her own testimony, which alone does not establish a limitation. *See* 20 C.F.R. § 404.1528(a)("Symptoms are your own description of your physical and mental impairment. Your statements alone are not enough to establish that there is a physical or mental impairment").

Further, the Court rejects Plaintiff's argument that the ALJ erred at step five because he did not consider that Plaintiff's need for a bariatric chair was an accommodation. As explained above, Plaintiff failed to carry her burden of establishing a limitation for a bariatric chair. Thus, the ALJ was not required to consider this alleged impairment in determining jobs that she could perform. In any event, the vocational expert testified that most employers, 75 to 80 percent, would be willing to accommodate the significant difficulty sitting in a regular office chair and that such consideration would not be a special accommodation. (Tr. 76).

Plaintiff failed to carry her burden of demonstrating that she was disabled. Accordingly, the Court affirms the Commissioner's decision.

### III. Conclusion

The decision of the Commissioner is **AFFIRMED.** The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on July 1, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties